FILED
United States Court of Appeals
Tenth Circuit

**March 17, 2009**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ARNULFO GARCIA-PENA,

Defendant-Appellant.

No. 08-4141
(D.C. No. 07-CR-00572-TS-PMW-14)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **McKAY**, and **O'BRIEN**, Circuit Judges.

Defendant pled guilty to conspiracy to distribute heroin. The district court

sentenced him to an eighty-seven-month term of imprisonment, at the bottom of

the advisory Guideline range. Defendant filed a pro se notice of appeal

expressing his dissatisfaction with the length of his sentence and with his trial

counsel's actions in persuading him to plead guilty and in representing him at

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

After examining the briefs and the appellate record, this panel has
determined unanimously that oral argument would not materially assist in the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).
This case is therefore ordered submitted without oral argument.

sentencing. His appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), explaining why counsel believes there to be no reasonable grounds for appeal. Neither Defendant nor the government has filed a response to counsel's *Anders* brief.

Defense counsel first notes the existence of an appellate waiver. However, because the government did not itself invoke the appellate waiver, Defendant's appeal is not foreclosed by this. *See United States v. Calderon*, 428 F.3d 928, 931 (10th Cir. 2005). We therefore must consider under *Anders* whether there are any non-frivolous issues upon which Defendant has a basis for appeal. *See id.* at 930.

The first potential ground for appeal is the voluntariness of Defendant's plea of guilty. However, as appellate counsel points out, nothing in the record on appeal supports a conclusion that the plea was not entered into knowingly and voluntarily. The record shows that an interpreter read the plea agreement to Defendant and that an interpreter was present during the change of plea hearing. The record shows that the district court performed a plea colloquy in which Defendant indicated that he knew and understood what was happening, that he was fully satisfied with his counsel, and that he was entering his plea voluntarily. Moreover, nothing in the record indicates that trial counsel materially misinformed Defendant such that his plea should be considered involuntary.

Second, Defendant could potentially appeal the procedural and substantive

reasonableness of the sentence imposed by the district court. As for procedural reasonableness, the only ground that was preserved for appeal relates to the court's rejection of Defendant's request for a "minor participant" reduction. After considering evidence that Defendant had negotiated for a role distributing larger quantities of drugs than street-level dealers, the court found that Defendant was not less culpable than most other participants in the conspiracy. Nothing in the record suggests that this finding was clearly erroneous. Because trial counsel made no other objections to the court's calculation of the applicable Guidelines range, Defendant would need to demonstrate plain error in order to call any other aspects of the procedural reasonableness of his sentence into question. However, nothing in the record suggests any error in the court's calculation, much less error that is plain.

As for substantive reasonableness, Defendant indicates in his notice of appeal that he believes his sentence to be substantively unreasonable because this was his first criminal offense. However, we note that Defendant received safety-valve relief due to his lack of a criminal history record, allowing him to receive a much lower sentence than the otherwise-applicable statutory minimum. His lack of a criminal record also factored into the calculation of the applicable sentencing range. Moreover, the district court noted that Defendant did not have a criminal history but indicated that this fact was outweighed by other factors, including the amount of drugs he was involved with and the fact that he only stopped dealing

drugs because he was arrested.  Nothing in the record suggests that the court's reasoning constituted an abuse of discretion, nor does the record suggest any other basis on which Defendant could rebut the presumption of reasonableness attached to his within-Guidelines sentence.  *See United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007).

Defendant's pro se notice of appeal also indicates that Defendant believes he received ineffective assistance of counsel based on trial counsel's representations regarding the sentence Defendant could expect to receive if he pled guilty, a conflict between Defendant and trial counsel that affected the attorney–client relationship, and trial counsel's failure to argue for a variance or object to the sentence imposed by the district court.  Appellate counsel correctly notes that ineffective assistance of counsel claims should almost always be brought in collateral proceedings rather than on direct appeal.  *See United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995).  "Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed." *Id.*  The record is not sufficiently developed on direct appeal for consideration of any of Defendant's claims of ineffective assistance.

After thoroughly reviewing the record, we see no meritorious appellate issues.  We therefore **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.

                              Entered for the Court


                              Monroe G. McKay
                              Circuit Judge